## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| WANDA WILLIAMS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 7:08-cv-114 (HL) |
| MAST BIOSURGERY USA, INC., a wholly-owned subsidiary of MAST BIOSURGERY AG, the parent company, and MAST BIOSURGERY AG, | : |
| Defendants. | : |

# ORDER

Plaintiff filed this matter in the Valdosta Division of the Middle District of Georgia, United States District Court, on August 20, 2008, alleging diversity as the basis for federal jurisdiction. Because federal courts have only limited jurisdiction, part of the Court's initial review process requires the Court to determine whether a proper jurisdictional basis exists in each case. Thus, when a plaintiff files a claim in federal court it is generally the plaintiff's burden to allege the specific facts necessary to establish jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000).

A federal court's jurisdiction can be based upon either a question of federal law or diversity of citizenship; however, as Plaintiff is attempting to establish jurisdiction based on diversity, the Court will not discuss the necessary elements of federal question jurisdiction. Pursuant to 28 U.S.C.A. § 1332, diversity jurisdiction requires the legal matter to exceed the sum or value of $75,000, exclusive of interests and costs, and be between citizens of

different States, 28 U.S.C.A. § 1332(a)(1) (West 2006), or, as appears to be the case here, a controversy between citizens of different States and one in which citizens or subjects of a foreign state are additional parties. 28 U.S.C.A. § 1332(a)(3) (West 2006). Pursuant to 28 U.S.C.A. § 1332(a)(3), therefore, when citizens of states are on both sides of the litigation and are completely diverse, the presence of a citizen of a foreign state on one or both sides of the controversy will not destroy diversity. Dresser Indus., Inc. v. Underwriters at Lloyd's of London, 106 F.3d 494, 498 (3d Cir. 1997). In the present case, Plaintiff has not established that Plaintiff and Defendants are citizens of states that are completely diverse, nor has she established that one of the Defendants is a citizen of a foreign state.

There is no statutory definition of citizen with regard to natural persons. Federal courts hold an individual's citizenship is equivalent to "domicile" for purposes of diversity jurisdiction. McCormick v. Anderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). Domicile requires one's physical presence within the state with the intent to make the state one's "'true, fixed, and permanent home and principal establishment.'" Id. at 1257-58 (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974)). Furthermore, a person may reside in one place but be domiciled in another. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S. Ct. 1957, 1608 (1989). Consequently, Plaintiff's allegation of residency in Georgia is not enough to establish the requisite citizenship for diversity jurisdiction.

In regard to the citizenship of Defendants, a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C.A. § 1332(c)(1) (West 2006). As defined by federal case law, a corporation's principal place of business is determined by analyzing the total activity of the corporation.

Village Fair Shopping Ctr. v. Sam Broadhead Trust, 588 F.2d 431, 434 (5th Cir. 1979).[1] The United States Court of Appeals for the Eleventh Circuit has specifically adopted the "total activities" test to determine a corporation's principal place of business. See Vareka Invs., N.V. v. Am. Inv. Props., Inc., 724 F.2d 907, 910 (11th Cir. 1984). The total activities test "combines the 'place of activities' test and the 'nerve center' test used by other circuits." MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). As a result, the state in which a corporation's corporate offices is located is not necessarily the state where the corporation has its principal place of business.

Accordingly, to establish the citizenship of a domestic corporation, Plaintiff must allege both MAST Biosurgery USA, Inc.'s state of incorporation and state of principal place of business as determined by the corporation's total activities. Consequently, Plaintiff's allegation that Defendant MAST Biosurgery USA Inc. is a corporation incorporated under the laws of the State of Delaware with headquarters located in California does not sufficiently define that Defendant's principal place of business.[2] Section 1332(c)(1)'s definition of citizenship also applies to foreign corporations. *See* Vareka Invs., 724 F.2d at 909-910. Thus, to properly allege the citizenship of a foreign corporation, such as MAST Biosurgery AG, Plaintiff must allege both the place in which it was incorporated or organized and the place where it has its principal place of business. Creaciones Con Idea, S.A. de C.V. v.

---

[1] As of September 30, 1981, the United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] A subsidiary corporation which is incorporated as a separate entity from its parent corporation is considered to have its own principal place of business. Fitzgerald v. Seaboard System R.R., Inc., 647 F. Supp. 205, 208 (S.D. Ga. 1985).

MashreqBank PSC, 75 F. Supp. 2d 279, 281 (S.D.N.Y. 1999). Thus, Plaintiff's allegation that MAST Biosurgery AG "is a company with a central office in Zurich, Switzerland" is not sufficient to establish the citizenship of that Defendant.

Because Plaintiff has failed to properly allege citizenship of the parties involved, federal diversity jurisdiction has not been established. Therefore, Plaintiff shall have until September 29, 2008, to amend her complaint and to properly allege jurisdiction. If Plaintiff fails to amend timely, the case will be dismissed for lack of jurisdiction.

**SO ORDERED**, this the 5th day of September, 2008.

                                               *s/ Hugh Lawson*
                                               **HUGH LAWSON, Judge**

mls