# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **WANDA WILLIAMS,** | : |
| Plaintiff, | : |
| v. | : Civil Action No. 7:08-cv-114(HL) |
| **MAST BIOSURGERY USA, INC.,** | : |
| Defendant. | : |

## ORDER

Currently before the Court is Defendant Mast Biosurgery USA, Inc.'s Motion to Preclude Use of Expert Witness Testimony and/or to Modify Scheduling and Discovery Order (Doc. 27).

Plaintiff, Wanda Williams, alleges she was injured after Surgi-Wrap, a product designed and manufactured by Defendant, failed to break down properly in her body following an exploratory laparotomy. She contends that she suffered injuries to her intestines, extreme depression, and severe medical complications, all because of Defendant's defective product. (Doc. 1).

On August 19, 2009, Defendant served Plaintiff with a set of written interrogatories, one of which asked if Plaintiff intended to call any expert witness at the trial of the case. In the event Plaintiff did so intend, Defendant requested that Plaintiff provide the name and business address of the witness, the witness' expert

1

qualifications, the subject matter on which the witness was expected to testify, the substance of the facts and opinion to which the witness was expected to testify, and a summary of the grounds for each opinion. (Doc. 27-2). Plaintiff was also required by the Court's Scheduling and Discovery Order (Doc. 20) to designate any expert witnesses by September 9, 2009. The designation of an expert witness was to be accompanied by a written report prepared and signed by the expert in accordance with Federal Rule of Civil Procedure 26(a)(2)(B).

In her untimely response to Defendant's interrogatories, Plaintiff stated with regard to expert witnesses: "Plaintiff does anticipate the has [sic] herein identified medical doctors and providers will testify in regards to the procedures performed and the medical records which are also attached and this may contain by its very nature 'expert' medical testimony; however, Plaintiff has not at this time identified any expert witness." She identified by name ten physicians who treated her, three hospitals where she was treated, and a counseling center where she received treatment. (Doc. 27-4).

In her response to Defendant's Motion, which was also untimely, Plaintiff further stated:

> Plaintiff has informed Defendant's counsel that while the Plaintiff has not obtained or retained an independent expert, Plaintiff did anticipate utilizing Plaintiff's doctors for their factual testimony as well as their expert medical training and opinion in regards to Defendant's product. Said Doctors can testify as to the placement of Defendant's product inside the plaintiff, the tests

2

> performed following said placement, the substance later found in the Plaintiff's body, as well as the pathological results of testing performed on the objects removed from the Plaintiff's body. Said Doctors will be able to testify concerning the use of Defendant's product and how that product did not function properly when used in the Plaintiff.

(Doc. 28).

Defendant has moved the Court for an order precluding Plaintiff from designating any expert witnesses or providing any expert testimony at trial. Defendant argues that such an order is appropriate because Plaintiff failed to comply with the requirements of Rule 26 by failing to specifically designate any particular doctor and by failing to provide any written reports.

Rule 26(a)(2) requires that a party disclose to the other party the identity of any expert witness who may be used at trial to present evidence. Fed. R. Civ. P. 26(a)(2)(A). If the witness is one retained or specially employed to provide expert testimony in the case, the disclosure must be accompanied by a written report prepared and signed by the witness. The expert report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as information about the data considered, the witness' qualifications, the compensation earned, and any other recent cases in which he offered testimony. Fed. R. Civ. P. 26(a)(2)(B).

There is no dispute that Plaintiff did not designate any of her treating physicians as experts and has not provided Defendant with any of the information

required by the Federal Rules to accompany the designation of expert witnesses. According to Rule 37(c)(1), a party that fails to identify an expert witness under Rule 26(a) is not permitted to use that witness' testimony on a motion, at a hearing, or at a trial, unless the failure was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

If a party intends on presenting a doctor as a fact witness and not as an expert, the Rule 26(a)(2) disclosures for expert witnesses do not apply. *See, e.g.,* Jimenez-Sanchez v. Caribbean Rests., LLC, 483 F.Supp.2d 140 (D. Puerto Rico 2007). Further, treating physicians generally are not subject to the Rule 26(a)(2)(B) requirements. The advisory committee notes for Rule 26 provide that "[a] treating physician . . . can be deposed or called to testify at trial without any requirement for a written report." Treating physicians who have not been designated as expert witnesses may testify "as a lay witness regarding [their] observations and decisions during treatment of" the plaintiff. As lay witnesses, the treating physicians may not express "an *opinion* unrelated to treatment which is 'based on scientific, technical, or other specialized knowledge,'" as that testimony would be considered by the court to be expert testimony. Wilson v. Taser Int'l, Inc., 303 Fed. Appx. 708, 712 (11th Cir. 2008) (unpublished) (emphasis in original).

"[T]he triggering mechanism for application of Rule 26's expert witness requirements is not the status of the witness but rather the essence of the proffered testimony." Gomez v. Rivera Rodriguez, 344 F.3d 103, 113 (1st Cir. 2003). The

record before the Court has not been developed sufficiently to enable the Court to determine if Plaintiff's treating physicians' proposed testimony crosses the line from permissible lay testimony to impermissible opinion testimony. Thus, the Court believes the best course of action is for the parties to complete their discovery regarding these witnesses, including the taking of their depositions, which the parties should schedule as soon as possible if they have not already done so. Since Plaintiff disclosed the names of the treating physicians on October 2, 2009, almost two months ago, the Court certainly hopes that most, if not all, of the depositions have taken place. After discovery ends, Defendant will then have the opportunity to renew its objections if it chooses to do so and to file any other objections, such as a Daubert motion. The Court will then review the proposed testimony and determine if the testimony should be limited or stricken in its entirety.

Defendant's Motion to Preclude (Doc. 27) is denied, with the understanding that Defendant may re-file the Motion once discovery as to Plaintiff's treating physicians is completed.

**SO ORDERED**, this the 2nd day of December, 2009.

                                           *s/ Hugh Lawson*
                                           **HUGH LAWSON, SENIOR JUDGE**

mbh