**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **WANDA WILLIAMS,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:08-CV-114(HL) |
| **MAST BIOSURGERY USA, INC.,** | : | |
| Defendant. | : | |

**ORDER**

Before the Court is Defendant Mast Biosurgery USA, Inc.'s ("Defendant") Motion for Final Summary Judgment (Doc. 45). For the reasons stated herein, Defendant's Motion is hereby granted.

**I.   FACTS AND PROCEDURAL HISTORY**

On August 22, 2006, Plaintiff Wanda Williams ("Plaintiff") underwent an exploratory laparotomy performed by Dr. David W. Adcock, II ("Adcock"), to remove adhesions resulting from a prior surgery. (DSOMF ¶3)[1]. During the procedure, Dr. Adcock placed SurgiWrap, a product manufactured by Defendant, inside Plaintiff's interperitoneum cavity to prevent future adhesions and to enhance Plaintiff's likelihood of conception. (Id.).

---

[1] "DSOMF" refers to the Defendant's Statement of Fact section of its Motion for Final Summary Judgment (Doc. 45), which contains the material facts to which Defendant contends there is no issue to be tried. All paragraphs cited in this Order are those admitted by the Plaintiff in her Response to Defendant's Motion for Summary Judgment (Doc. 49).

Following the laparotomy, Plaintiff began experiencing pain in her sides and became febrile. She was admitted to the hospital on October 3, 2006, and a colonoscopy was performed by Dr. George E. Yared ("Yared"). (DSOMF ¶4). During the colonoscopy, Dr. Yared discovered that Plaintiff's colon was perforated and removed several hard, brittle pieces of plastic from the colon. (DSOMF ¶4, Yared Dep. at 13-17). The next day, Dr. Robert Brown ("Brown") performed a procedure in which he cleaned and drained infected portions of Plaintiff's pelvis and performed a colostomy. (DSOMF ¶5, Brown Dep. at 9-10). During the procedure, Dr. Brown discovered and removed several pieces of "pliable" plastic. (DSOMF ¶5, Brown Dep. at 11). The pieces of plastic extracted by Drs. Yared and Brown were sent to a pathologist, Dr. Robert Nelms, Jr. ("Nelms"), who examined the plastic on October 6, 2006. (DSOMF ¶6).

Plaintiff filed this lawsuit based on the theory of strict product liability to recover for injuries she allegedly received as a result of the implantation of the SurgiWrap, which Plaintiff contends was defectively manufactured. (DSOMF ¶1 & 2, Doc. 49-2). Plaintiff alleges that the SurgiWrap was defective because it failed to properly dissolve in her body, and that this failure was the direct and proximate cause of her injuries. Plaintiff further contends that the SurgiWrap was neither merchantable nor reasonably suited for the use intended.

On May 12, 2010, the Court issued its ruling on Defendant's Renewed Motion to Exclude Plaintiff's Expert Testimony (Doc. 37), and excluded a majority of Plaintiff's proffered expert testimony (Doc. 52). Specifically, the Court held that

Drs. Adcock, Yared, Brown, and Helms may not testify that the removed pieces of plastic were SurgiWrap or that the removed pieces were defective. The Court reasoned that none of these doctors possess a familiarity with the SurgiWrap product sufficient to justify identification of the product or any assertions that the product failed to operate as intended by its manufacturer. The Court also held that Drs. Adcock, Brown and Nelms may not testify as to causation. However, Dr. Yared may testify as to whether the foreign body found in Plaintiff's colon caused the colon perforation, and all four doctors may testify regarding the procedures they individually performed on Plaintiff.

## II. ANALYSIS[2]

### A. Summary Judgment Standard

Summary judgment must be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact's materiality is determined by the controlling substantive law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and an issue is deemed genuine when the evidence is such that a reasonably jury could rule in favor of the nonmovant. Id. at 249-50.

---

[2] It is undisputed that complete diversity existed between the parties at the time of filing and that the amount in controversy exceeds $75,000 (Docs. 3 & 11, ¶ 5). 28 U.S.C. § 1332. Therefore, because the injury was sustained in Georgia, substantive issues will be governed by Georgia state law, whereas procedural issues will be governed by federal law. Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938).

Moreover, Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of *every* element essential to that party's case on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). This result necessarily follows because complete failure of proof regarding an essential element of the nonmovant's case renders all other facts immaterial. Id. at 322-23. Although the court must consider the facts in the light most favorable to the plaintiff when ruling on a motion for summary judgment, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson, 477 U.S. at 247-48 (emphasis in original).

### B. Strict Product Liability Standard

In this case, Plaintiff asserts strict product liability based on a purported manufacturing defect. (Doc. 49-2). To establish a strict product liability claim under Georgia law, a plaintiff must prove that "the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended, and its condition when sold is the proximate cause of the injury sustained." O.C.G.A. § 51-1-11(b)(1). In other words, to establish a *prima facie* case and avoid summary judgment in the defendant's favor, a plaintiff must introduce sufficient evidence to prove that (1) the product was defective and (2) the defect was the proximate cause of the injury. Id.

Under the first element of the strict product liability standard, a defendant can be held liable for a manufacturing defect *only* if the plaintiff proves the product sold was defective. Center Chem. Co. v. Parzini, 234 Ga. 868, 869, 218 S.E.2d 580, 582 (Ga. 1975). In order to survive summary judgment, Plaintiff *must* establish this element of her claim.

In the present case, Dr. Adcock is the only witness who has provided testimony that the SurgiWrap was defective. However, Dr. Adcock's testimony to this effect has been excluded by the Court in its ruling on Defendant's Renewed Motion to Exclude Plaintiff's Expert Testimony (Doc. 37). As explained in the Order (Doc. 52), Dr. Adcock lacks the prerequisites under Daubert to provide expert testimony regarding a defect in the product, and he is precluded from testifying regarding this issue.[3]

Because Dr. Adcock was Plaintiff's only expert witness testifying to the product's defectiveness, and because his testimony on this issue has been excluded, Plaintiff is left with no witness, expert or otherwise, to testify regarding the product's defectiveness. Therefore, there is no evidence establishing the manner in which SurgiWrap was intended to operate, nor that the SurgiWrap in this case failed to operate in such a manner. Fed. R. Civ. P. 56 requires entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of *every* element essential to that party's case on which

---

[3] See Docket #52 for further analysis supporting the Court's exclusion of Dr. Adcock's testimony regarding defects in the SurgiWrap.

5

that party will bear the burden of proof at trial. Celotex, 477 U.S. at 322. Thus, with no evidence to establish a defect in the product, Plaintiff cannot establish an essential element of her claim of strict product liability. Defendant's Motion for Summary Judgment must be granted.

III.   **CONCLUSION**

Based on the foregoing analysis, Defendant's Motion for Summary Judgment (Doc. 45) is hereby granted. Plaintiff's Motion to Preclude Use of Expert Witness Testimony (Doc. 40) is denied as moot.

**SO ORDERED**, this the 24th day of May, 2010.

*s/ Hugh Lawson*

**HUGH LAWSON, SENIOR JUDGE**

hss